C. S. BOGLE, Appellant, v. SHAFFER STATE BANK, Appellee.

FRAUD: Damages—Recovery of Money Against Innocent Third Party. One who is defrauded of his money may not recover the same of an innocent third party to whom the wrongdoer paid it in discharge of the bona-fide debt of the wrongdoer to the innocent third party.

Headnote 1: 7 C. J. p. 660; 27 C. J. pp. 7, 10.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 8, 1927.

Action at law for the recovery of certain funds which plaintiff claims were fraudulently obtained from him by one Halverson, who turned the same over to the defendant in payment of an indebtedness from Halverson to the defendant. The court directed a verdict in favor of the defendant, and the plaintiff appeals.—*Affirmed.*

*Harold S. Thomas,* for appellant.

*George E. Brammer,* for appellee.

FAVILLE, J.—One Halverson was the owner of a farm near the town of Altoona, Iowa. The appellee bank is located in said town. Halverson did business with said bank over a period of time extending from December, 1917, until in April, 1924. Appellant had been acquainted with Halverson for a period of some twenty-five years. In June of 1923, Halverson was indebted to appellee in the sum of approximately $7,500, and appellee demanded that Halverson furnish to it security for such indebtedness; whereupon Halverson deposited with the appellee, as collateral security for said indebtedness, a purported note and mortgage apparently executed by one Tressler to one Peterson, and assigned by the latter to Halverson, said mortgage appearing to secure the sum evidenced therein upon certain lands in Story County, Iowa. The mortgage appears to have been held by the appellee as collateral security to Halverson's indebtedness until about the 1st of February, 1924, at which time, with the approval and acquiescence of Halverson, the appellee rediscounted said note and mortgage to the Valley Savings Bank of Des Moines. Said bank forwarded the assignment of said mortgage for recording in Story County, and thereupon was advised by the recorder of said county that the mortgage did not appear of record, as shown in said assignment, and that the only mortgage shown of record by the mortgagor Tressler was to another bank. Upon receipt of this letter, the Valley Savings Bank communicated by telephone with the appellee, and the president of the bank went to Des Moines, and was advised by the Valley Savings Bank of the letter that it had received from the recorder of Story County; whereupon the president of appellee bank sought out Halverson, who explained that there must be some mistake about the matter, and that he would take care of it right away, and proposed to give to the bank a second mortgage on his farm, for $7,000. Halverson and his wife executed and delivered to the appellee a note and mortgage upon Halverson's farm for the sum of $7,000. The president of the appellee caused an examination of the record to be made. He then discovered that, in addition to the first mortgage on the farm, there were two other mortgages outstanding. He took this matter up with Halverson, who produced a release of one

of these mortgages and delivered the same to the president of the appellee, who placed it of record; and the other matter was covered by affidavit, which the president of appellee also placed of record. Thus the matter stood between Halverson and the appellee until March 12, 1924.

As to the matters between the appellant and Halverson, it appears that, at various times over a period of five years prior to the transactions herein referred to, the appellant had purchased mortgages on different occasions from Halverson, usually paying for them by checks drawn by the appellant in favor of Halverson. He testified that, during the five years, he had drawn a good many of such checks. In March of 1924, appellant arranged to purchase from Halverson a note and mortgage purporting to have been signed by one Mary Hays. As a part of the consideration for the purchase of said mortgage from Halverson, the appellant drew his check, payable to Halverson, in the sum of $3,800, upon the Valley National Bank; and Halverson deposited said check in his account in the appellee bank. Thereafter, it appears from the evidence, Halverson drew his check upon his account in the appellee bank in favor of said bank in the sum of $3,000, and said amount was applied by appellee bank upon the said $7,000 note and mortgage of Halverson. At the time of the deposit by Halverson of the $3,800 check which he received from appellant, he already had on deposit $611.93. This action is to recover the $3,000 so paid by Halverson to appellee, which is a part of the proceeds of the check of $3,800 given by appellant to Halverson in purchase of the Mary Hays mortgage. In the latter part of April, 1924, appellant discovered that the Hays mortgage was spurious. About that time, Halverson was sent to the penitentiary for fraudulent transactions. After the $3,000 payment, Halverson made two other payments on his note of $7,000 to the appellee, by checks drawn on his account, $1,000 on March 17th, and $50 on March 25th. It also appears that, after said payment, Halverson deposited various sums in his account in appellee bank, from time to time.

The appellant seeks to recover on the theory that the $3,000 paid by Halverson to appellee was money had and received by appellee belonging in fact to appellant, and that, under all of the facts shown, appellant is entitled to recover therefor. The

argument has taken a wide range upon the question of fraud, but a careful examination of the record fails to disclose that appellee was in any way chargeable with notice or knowledge that the Hays mortgage sold by Halverson to the appellant was spurious, or that the funds obtained by Halverson from appellant were obtained by any fraudulent means. In fact, there is nothing to show that the appellee knew what had been given by Halverson to appellant as consideration for the check of $3,800 which Halverson sent to appellee bank for deposit to his credit. It is argued that the appellee was chargeable with notice that the Tressler mortgage, which had been deposited with the appellee as collateral security for Halverson's debt, was spurious, and therefore that the appellee was chargeable with notice that Halverson was engaged in fraudulent transactions, and that the check of appellant which Halverson deposited in appellee bank might also have been obtained by fraud. There is no proof whatever in the record that the appellee knew or was chargeable with notice that the Tressler mortgage which Halverson had deposited with it as collateral security was a bogus and spurious mortgage. The evidence shows that the president of the appellee bank had great confidence in the honesty of Halverson, as had the appellant, and his testimony is to the effect that, when he learned from the Valley Savings Bank that there was something wrong with the Tressler mortgage, he thought that Halverson had been wronged, rather than that Halverson himself had wronged anyone. There is no sufficient evidence in the record to sustain a finding that the appellee bank was chargeable with any knowledge whatever that Halverson had been guilty of fraud in obtaining the $3,800 check from the appellant. The check was made by appellant payable to Halverson, and turned over to him, and he deposited it in the usual course in the appellee bank, and subsequently gave his check to said bank for $3,000, which was applied upon his note to the appellee bank. There was nothing about the transaction to charge the bank with notice or knowledge in any way that the check of $3,800 was fraudulently obtained by Halverson from the appellant. The case is in some respects quite similar to the case of *Bogle v. Goldsworthy*, 202 Iowa 764. The third division of the opinion in said case is conclusive against appellant's right of recovery in the instant case.

The court did not err in directing a verdict for the appellee. The judgment appealed from is—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur. ·